IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AMERICAN RAIL PARTNERS, LLC, | § § § | |
| Defendant Below, Appellant, | § § § § | |
| v. | § § | No. 436, 2020 |
| INTERNATIONAL RAIL PARTNERS LLC, BOCA EQUITY PARTNERS, LLC, PATRIOT EQUITY, LLC, and GARY O. MARINO, | § § § § § § | Court Below–Court of Chancery of the State of Delaware C.A. No. 2020-0177-PAF |
| Plaintiffs Below, Appellees. | § § § § | |

Submitted: December 29, 2020
Decided: January 21, 2021

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

## **ORDER**

After careful consideration of the notice of interlocutory appeal, the supplemental notice of appeal, and their exhibits, it appears to the Court that:

(1)    The defendant below/appellant, American Rail Partners, LLC ("American Rail"), is a Delaware limited liability company governed by a June 28, 2019 Amended and Restated Limited Liability Company Agreement ("the LLC Agreement").  Under the LLC Agreement, International Rail Partners LLC ("IRP") served as American Rail's manager pursuant to the terms of an August 2, 2018

Management Agreement until the Management Agreement was terminated on July 19, 2019. On February 28 2020, American Rail filed suit against IRP, Boca Equity Partners, LLC ("BEP"), Patriot Equity, LLC ("Patriot"), and Gary O. Marino (collectively, "the Appellees") in the Superior Court ("the Superior Court Action"). American Rail alleged, among other things, that IRP and Marino, IRP's CEO, engaged in mismanagement in order to enrich Marino and his entity-affiliates[1] at the expense of American Rail.

(2)     On March 9, 2020, the Appellees filed a verified complaint in the Court of Chancery for advancement of their legal fees and expenses incurred in defending the Superior Court Action under Section 18-108 of the Limited Liability Company Act[2] and the LLC Agreement's advancement provision. Both American Rail and the Appellees subsequently moved for judgment on the pleadings.

(3)     On November 24, 2020, the Court of Chancery issued a written decision granting the Appellees' motion for judgment on the pleadings and denying American Rail's motion for judgment on the pleadings (the "Opinion").[3] In the Opinion, the Court of Chancery found that the Appellees are entitled to advancement of fees under the LLC Agreement. In doing so, the Court of Chancery rejected American Rail's

---

[1] Marino also controls BEP, which owns 100% of IRP, and Patriot.
[2] 6 *Del. C.* § 18-108.
[3] *Int'l Rail Partners LLC v. Am. Rail Partners, LLC*, 2020 WL 6882105 (Del. Ch. Nov. 24, 2020).

argument that the advancement provision did not provide indemnification for claims between American Rail and any "covered person" as defined by the LLC Agreement (so-called "first-party claims"), distinguishing the Superior Court's holding in *TranSched Systems Ltd. v. Versyss Transit Solutions, LLC*[4] and its progeny.

(4)     On December 4, 2020, American Rail asked the Court of Chancery to certify an interlocutory appeal from the Opinion under Supreme Court Rule 42. American Rail maintained that the Opinion decided a substantial issue of material importance[5]—that is, the Opinion held that the Appellees are entitled to advancement.  American Rail also argued that the following Rule 42(b)(iii) factors weighed in favor of granting interlocutory review:  the Opinion involves a question of law resolved for the first time in Delaware;[6] the question of law addressed relates to the construction of a statute that has not been, but should be, settled by the Court in the advance of an appeal from a final order;[7] interlocutory review may terminate the litigation;[8] and considerations of justice warrant interlocutory review.[9] The

[4] 2012 WL 1415466 (Del. Super. Ct. Mar. 29, 2012) (holding that, where one party breached the terms of the parties' asset purchase agreement, the agreement's indemnification provision could not be used to enlarge the exception to the general rule that litigants must pay their own attorneys' fees).
[5] Del. Supr. Ct. R. 42(b)(i).
[6] Del. Supr. Ct. R. 42(b)(iii)(A).
[7] Del. Supr. Ct. R. 42(b)(iii)(C).
[8] Del. Supr. Ct. R. 42(b)(iii)(G).
[9] Del. Supr. Ct. R. 42(b)(iii)(H).

Appellees filed an untimely opposition to the application, which the Court of Chancery did not consider.

(5)    On December 23, 2020, the Court of Chancery denied American Rail's application.  The Court of Chancery agreed with American Rail that the Opinion decided a substantial issue that relates to the merits of the case.  And the Court of Chancery acknowledged that the Opinion involves a question of law resolved for the first time—namely, whether there is a distinction between first-party and third-party claims in the context of advancement and indemnification provisions contained in alternative entity agreements—and that review of the Opinion could terminate the litigation.  Although the court also agreed that the question of law presented relates to the construction and application of 6 *Del. C.* § 18-108, it disagreed with American Rail's contention that the question merits review before the entry of a final order.  In reaching this conclusion, the Court of Chancery noted that, in the absence of a stay pending appeal, the parties would nonetheless be obligated to submit and review invoices under the court's *Fritacks* Order as the Superior Court Action progresses. Moreover, the Court of Chancery found that there were arguments both for and against American Rail's assertion that interlocutory review would serve considerations of justice.  Mindful of Rule 42's directive that a trial court should refuse to certify an interlocutory appeal if it finds the balance of the Rule 42 factors

4

to be uncertain,[10] the Court of Chancery denied American Rail's application. We agree with the Court of Chancery's conclusion.

(6)  Applications for interlocutory review are addressed to the sound discretion of the Court.[11]  In the exercise of its discretion and giving great weight to the Court of Chancery's analysis, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Court of Chancery's decision do not exist in this case,[12] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[13]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

---

[10] Del. Supr. Ct. R. 42(b)(iii).
[11] Del. Supr. Ct. R. 42(d)(v).
[12] Del. Supr. Ct. R. 42(b)(ii).
[13] Del. Supr. Ct. R. 42(b)(iii).